Day v Village of Greenwich (2024 NY Slip Op 01141)

Day v Village of Greenwich

2024 NY Slip Op 01141

Decided on February 29, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 29, 2024

CV-22-1931
[*1]Thomas Day, as Parent and Guardian of Tyler Day, an Infant, Respondent,
v
Village of Greenwich et al., Appellants, et al., Defendants.

Calendar Date:January 8, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

FitzGerald Morris Baker Firth PC, Glens Falls (Joshua D. Lindy of counsel), for appellants.
Cullen and Dykman LLP, Albany (Christopher E. Buckey of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Glen T. Bruening, J.), entered August 12, 2022 in Washington County, which partially denied certain defendants' motion for summary judgment dismissing the complaint against them.
In December 2016, plaintiff's infant son (hereinafter the child) and a neighbor's child (hereinafter decedent; hereinafter collectively referred to as the children), were playing on a snowbank when the operator of a front-end loader dumped a load of snow on top of them. Both children were trapped under the snow for approximately four hours before being dug out by first responders. Each child sustained personal injuries, with decedent's injuries ultimately leading to his passing. Plaintiff served a notice of claim against defendant Village of Greenwich, which had an agreement to store excess snow in the otherwise empty lot with the property owner, defendant Robert M. Sipperly.
Thereafter, plaintiff commenced a negligence and premises liability action against defendants. Decedent's mother, represented by the same plaintiff's attorney, commenced a separate action against the same defendants. After the close of disclosure in each action, the Village moved for summary judgment seeking to dismiss the complaint against it on the grounds that it did not have a duty and that it was not a substantial factor in causing the children's injuries. Supreme Court denied the Village's motion to that extent in each action. The Village appealed in each action. As the parties conceded at oral argument, and as our review of the record confirms, each appeal contained identical issues. Therefore, for the reasons stated in our decision in the companion appeal (Demarest v Village of Greenwich, ___ AD3d ___ [3d Dept 2024] [decided herewith]), we find that Supreme Court properly denied the portion of the Village's motion which sought summary judgment dismissing the complaint insofar as asserted against it.
Garry, P.J., Pritzker, Lynch and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.